Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| LUNA COMMERCIAL II, LLC<br><br>Parte Apelada<br><br>v.<br><br>JOSÉ M. ESCOBAR GÓMEZ T/C/C JOSÉ MANUEL ESCOBAR GOMEZ POR SI Y COMO MIEMBRO DE IA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON SU ESPOSA Y OTROS<br><br>Parte Apelante | TA2026AP00054 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2023CV00077<br><br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de febrero de 2026.

El Sr. José M. Escobar Gómez, su esposa Sonia Del Pilar Berlingery Bruno Bruno y la sociedad legal de gananciales compuesta por ambos (en conjunto, señor Escobar Gómez) incoaron este recurso, intitulado apelación, que acogemos el recurso como un auto de *certiorari*[1] por recurrirse de tres resoluciones interlocutorias emitidas por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina.

Examinado el recurso y la oposición presentada por la parte recurrida, Luna Commercial, II, LLC (Luna Commercial), denegamos expedir el auto de *certiorari.*

---

[1] Se conserva la identificación alfanumérica asignada al recurso por la Secretaria del Tribunal de Apelaciones.

**I.**

En el contexto de un pleito sobre cobro de dinero ordinario, el 7 de enero de 2026, el TPI emitió las siguientes resoluciones interlocutorias, notificadas al día siguiente:

1. *Resolución* mediante la cual el TPI denegó la *Moción de reconsideración* presentada por el señor Escobar Gómez, y dispuso que "al no tratarse de un pleito de ejecución de hipoteca, sino que es un caso de cobro de dinero, el proceso de mediación al que se habían sometido las partes, y que se dio por concluido, fue uno exclusivamente voluntario y en ningún momento regulado bajo la Ley Núm. 184-2012".[2]

2. *Resolución* en la que el TPI declaró *no ha lugar* a la *Moción de desestimación* instada por el señor Escobar Gómez, y determinó que: "[l]a parte demandante Luna posee legitimación activa para haber incoado la demanda, ya que es el tenedor del instrumento negociable objeto de este caso. El pagaré del caso de autos no fue objeto de una subasta ya adjudicada y Luna ostenta su posesión".[3]

3. *Resolución Interlocutoria* mediante la cual el TPI declaró *no ha lugar* a la *Moción en solicitud de orden* en la que el señor Escobar Gómez requirió al tribunal compeler a Luna a producir el pagaré original para inspección. Al respecto, el TPI añadió en su dictamen que la calendarización del descubrimiento de prueba y el examen del pagaré original será discutido en la vista pautada para tales propósitos.[4]

Inconforme con las resoluciones emitidas por el TPI el 15 de enero de 2026, el señor Escobar Gómez incoó este recurso y apuntó los siguientes señalamientos de error:

A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR RESOLUCIÓN PARA CONCLUIR QUE ESTE ES UN MERO CASO DE COBRO, QUE NO ES DE APLICACIÓN LA LEY NÚM. 184-2012, PESE A QUE LA PARTE APELADA SE ALLANÓ AL PROCESO DE MEDIACIÓN COMPULSORIA CONFORME A DICHA LEY Y QUE LA PARTE APELANTE HA HECHO UN USO INCORRECTO DE LA REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL, SUPRA, PARA RELITIGAR ASUNTOS YA DECIDIDOS, PESE A QUE LAS RESOLUCIONES DEL FORO DE INSTANCIA SON NULAS Y LA PARTE APELANTE DEBE SER RELEVADAS DE LAS MISMAS DE CONFORMIDAD CON LA REGLA PRECITADA. TODO SIN SOLICITAR UNA CERTIFICACIÓN REGISTRAL.

---

[2] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso CA2023CV00077, entrada 90.
[3] *Íd.,* Entrada 91.
[4] *Íd.,* Entrada 92.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR RESOLUCIÓN EN LA QUE CONCLUYÓ QUE LA PARTE APELADA POSEE LEGITIMACIÓN ACTIVA PARA HABER INCOADO LA DEMANDA QUE ORIGINÓ ESTE CASO, PESE A QUE EL PAGARÉ DE ESTE CASO FUE OBJETO DE UNA SUBASTA YA ADJUDICADA Y LA PARTE APELADA LO ADMITIÓ EN SU DEMANDA. A ELLO SE LE SUMA QUE LA PARTE APELADA NO HA DEMOSTRADO LA TENENCIA CON BUENA FE DE DICHO INSTRUMENTO NEGOCIABLE. TODO SIN SOLICITAR UNA CERTIFICACIÓN REGISTRAL.

C. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR RESOLUCIÓN EN LA QUE ASEVERÓ INCORRECTAMENTE QUE LA PARTE APELANTE NO HA HECHO GESTIONES DE DESCUBRIMIENTO DE PRUEBA, CUANDO FUE LA PARTE APELANTE LA QUE CURSÓ CARTAS A LA PARTE APELADA SOLICITANDO EXAMINAR EL PAGARÉ DE ESTE CASO, OBTENER COPIA COMPLETA DEL EXPEDIENTE DEL MISMO, ESPECIALMENTE SOBRE LO QUE REMITE A DICHO PAGARÉ Y LA PARTE APELADA SE OPUSO ESCUDÁNDOSE EN EL PROCESO DE MEDIACIÓN COMPULSORIA QUE SE HALLABA VIGENTE EN ESE MOMENTO, CUANDO EL DESCUBRIMIENTO DE PRUEBA SOLICITADO NO RESULTABA INCOMPATIBLE CON DICHO PROCESO DE MEDIACIÓN; TODO LO CONTRARIO, ERA PERTINENTE PARA DICHO PROCESO.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[5] La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, faculta a este foro intermedio a intervenir con una resolución interlocutoria del tribunal primario cuando se trate de la denegatoria de una moción dispositiva, como lo es una moción de desestimación.[6] Para dicha tarea, la Regla 40 del Reglamento del Tribunal de Apelaciones[7] establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.*

---

[5] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[6] *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 594 (2011).
[7] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025).

Sin embargo, el auto de *certiorari* es un vehículo procesal discrecional.[8] Por ello, los tribunales apelativos no debemos interferir con las determinaciones interlocutorias discrecionales procesales de los foros de primera instancia, salvo cuando dicho foro haya incurrido en arbitrariedad, en un craso abuso de discreción o en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[9]

En el presente caso, evaluado el escrito y los documentos anejados a éste, y en ausencia de una demostración clara de que el TPI actuó de manera arbitraria o caprichosa al emitir los primeros dos dictámenes - *Resolución* mediante la cual el TPI denegó la *Moción de reconsideración* (entrada 90) y la *Resolución* en la que el TPI declaró *no ha lugar* a la *Moción de desestimación* (entrada 91)- o que se equivocó en la interpretación o aplicación de cualquier norma de derecho, nos abstenemos de ejercer nuestra función revisora.

En cuanto al tercer señalamiento de error, surge que el 15 de enero de 2026, minutos antes de presentar el recurso ante nuestra consideración, el señor Escobar Gómez solicitó la reconsideración (entrada 96) de la *Resolución Interlocutoria* (entrada 92) que denegó su *Moción en solicitud de orden.* El TPI no ha adjudicado la solicitud de reconsideración. Hasta tanto el TPI resuelva dicho asunto de manera final, cualquier señalamiento en torno al pronunciamiento en cuestión es prematuro.

**III.**

A la luz de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

---

[8] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).
[9] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones